EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Marisol Ramos
Attorney for Plaintiff
(215)440-2619

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BVI Precision Materials Company, a subsidiary of ) | COMPLAINT |
| BVI Capital Partners, ) | |
| ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Heather Baker who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. Baker was subjected to sexual harassment in the form of repeated, unwanted sexually offensive remarks and sexual advances from a male co-worker. Despite Ms. Baker's complaints to Defendant's management about the unwelcome harassment, Defendant failed to take prompt remedial action to correct the hostile work environment.

In addition, the Commission alleges that Ms. Baker was discharged from her employment in retaliation for her complaints. Consequently, Ms. Baker suffered severe emotional distress and

back pay damages.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, BVI (Defendant Employer) has continuously been doing business in the State of Pennsylvania and the city Allentown, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employers have continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the initiation of the lawsuit, Hather Baker filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant

Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least July 2005, Defendant Employer has engaged in unlawful employment practices at their Allentown, Pennsylvania facility in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  These unlawful practices include, but are not limited to, the following:

(a)    Ms. Baker began working for Defendant at its Reading, Pennsylvania facility on July 1, 2005, as a Receptionist. In November 3, 2005, Ms. Baker was promoted to Process Tracking Assistant. She remained in that position until her discharge on November 18, 2005.

(b)    During the period from July to November 2005, Ms. Baker was subjected to a sexually hostile work environment by a male Senior Salesman when he made sex-based and sexually offensive remarks to Ms. Baker on a regular basis.

(c)    This Senior Salesman subjected Ms. Baker to sexually offensive comments and unwelcome sexual advances including, but not limited to, inviting her to go out, telling her she is sexy, telling her intimate details about his marriage, and sent her e-mails with inappropriate sexual comments.  In addition, this Senior Salesman talked to her in a sexually offensive manner around co-workers.

(d)    On one occasion, this Senior Salesman purchased women's underwear to and gave it to Ms. Baker. In addition, he showed up several times uninvited at Ms. Baker's house. Ms. Baker filed a police report because of these unwelcome visits.

(e)    At all times, Ms. Baker made clear to the Senior Salesman that his sexual comments and advances were unwelcome.

(f)    On October 1, 2005, Ms. Baker complained about the sexually hostile work

environment to Defendant's Comptroller/ Human Resources Manager, Sandra Bossler. Ms. Baker also complained on several occasions to her supervisor, Cora Switek.

(g)    Human Resources Manager Bossler states that she did not take any action because Ms. Baker did not mention the words "sexual harassment" at the time she complained.  Switek nor Bossler ever took any remedial action to stop the unwelcome sexual harassment.

(h)    On November 18, 2005, Ms. Baker was suddenly discharged from her employment. The reasons set forth by Defendant for terminating Ms. Baker are pretextual for retaliation discrimination. Ms. Baker was discharged a shortly after her report of sexual harassment to management.

8.    The effect of the practices complained of in paragraph 7(a)-(h) above has been to deprive Heather Baker of equal employment opportunities and otherwise adversely effects her status as an employee because of her gender, female.

9. The unlawful employment practices complained of in paragraph 7(a)-(h) were intentional.

10. The unlawful employment practices complained of in paragraph 7(a)-(h) were done with malice or with reckless indifference to the federally protected rights of Heather Baker.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for women, which provide for a harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

      D.     Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

      E.     Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

      F.     Order Defendant Employer to make whole Heather Baker by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      G.     Order Defendant Employer to make whole Heather Baker by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (h) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

      H.     Order Defendant Employer to make whole Heather Baker by providing

compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (h) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.    Order Defendant Employer to pay Heather Baker punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (h) above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Washington, D.C.  20507

Jacqueline H. McNair (JHB)
Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Judith A. O'Boyle
Supervisory Trial Attorney

Marisol Ramos
Marisol Ramos
Trial Attorney
EEOC
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Tel. (215) 440-2619
Fax. (215) 440-2848
Email: marisol.ramos@eeoc.gov

7